R. Rex Parris (SBN 96567)
  rrparris@rrexparris.com
Kitty K. Szeto (SBN 258136)
  kszeto@rrexparris.com
John M. Bickford (SBN 280929)
  jbickford@rrexparris.com
Eric N. Wilson (SBN 291815)
  ewilson@rrexparris.com
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone:   (661) 949-2595
Facsimile:   (661) 949-7524

Attorneys for Plaintiff, the Putative Class,
and the Aggrieved Employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON POLE; individually, and on behalf of other members of the putative class, and on behalf of aggrieved employees pursuant to the Private Attorney General Act ("PAGA"),<br><br>       Plaintiff,<br><br>       v.<br><br>ESTENSON LOGISTICS, LLC, a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No. 2:15-cv-07196-DDP-E<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>DECLARATION OF JOHN M. BICKFORD</u>**<br><br>Date:       July 18, 2016<br>Time:       10:00 a.m.<br>Courtroom:  3<br>Judge:     Hon. Dean D. Pregerson |

## <u>DECLARATION OF JOHN M. BICKFORD</u>

I, John M. Bickford, declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and an associate at the R. Rex Parris Law Firm, attorneys of record for Plaintiff Sharon Pole ("Plaintiff").   I am providing this declaration in support of Plaintiffs' Response to Defendant Estenson Logistics, LLC's ("Estenson") Notice of Newly Acquired Facts.

2.      On July 8, 2016, Plaintiff took the rule 30(b)(6) deposition of Estenson on the alleged releases.   Michelle **Alexander** testified on behalf of Estenson.   Attached hereto as **Exhibit "A"** are true and correct copies of various excerpts from this deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of July 2016, at Lancaster, California.

*/s/ John M. Bickford*
John M. Bickford

1

EXHIBIT "A"

Case 2:15-cv-07196-DDP-E  Document 25-1  Filed 07/15/16  Page 4 of 9  Page ID #:846

MICHELLE ALEXANDER                                      July 08, 2016
POLE vs. ESTENSON                                              1

```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3

    SHARON POLE, individually and on
 4  behalf of other members of the
    putative class, and on behalf of
 5  aggrieved employees pursuant to
    the Private Attorney General      No.
 6  Act, ("PAGA"),                    2:15-cv-07196-DDP-E

 7  Plaintiffs,

 8  vs.

 9  ESTENSON LOGISTICS, LLC, a
    Nevada corporation; and DOES 1
10  through 100 inclusive,

11          Defendants.
    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
12

13

14

15              DEPOSITION OF

16             MICHELLE ALEXANDER

17

18              JULY 8, 2016

19               10:29 A.M.

20

21

22      3800 N. Central Avenue, Suite 1700

23             Phoenix, Arizona

24      SOMMER E. GREENE, CSR, RPR, CR No. 50622

25
```



Case 2:15-cv-07196-DDP-E   Document 25-1   Filed 07/15/16   Page 5 of 9   Page ID #:847

MICHELLE ALEXANDER                                        July 08, 2016
POLE vs. ESTENSON                                                    2

1   APPEARANCES OF COUNSEL

2

3           For Plaintiffs:

4               R. REX PARIS LAW FIRM
                JOHN M. BICKFORD, ESQ.
                43364 10th Street West
5               Lancaster, California 93534
                661.949.2595
6               Jbickford@rrexparris.com

7

8           For Defendant:

9               LITTLER MENDELSON
                MARLENE S. MURACO, ESQ.
                50 West San Fernando Street, 15th Floor
10              San Jose, California 95113
                408.998.4150
11              Mmuraco@littler.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25



MICHELLE ALEXANDER                                    July 08, 2016
POLE vs. ESTENSON                                                  45

1      A.    I don't -- don't recall it being portioned by

2   the claims.  What it was portioned by was the amount of

3   work -- weeks worked as a fleet manager during that class

4   period.

5      Q.    Okay.  Has Estenson sent a check to the

6   California Labor Workforce Development Agency?

7      A.    No.

8      Q.    Specifically has Estenson sent a check of 75

9   percent of $260,413.94 to the California Labor Workforce

10  Development Agency?

11     A.    No.

12     Q.    Have you ever heard of the California Labor

13  Workforce Development Agency?  Sometimes it's referred to

14  as the LWDA.

15     A.    Probably but...

16     Q.    You say "probably."  Why do you say that?

17     A.    Well, because we operate in California.  So

18  I've probably heard it, but we have not sent a check to

19  them.

20     Q.    Okay.  75 percent of $260,413.94 is what?  Do

21  you have a calculator?  Do you want to do some math?  I

22  can give you my phone.

23     A.    I don't know.

24     Q.    Do you have a phone with you?

25     A.    I do.



1    Q.    You want to pull it out?

2    A.    You want me to pull it out?

3    Q.    Absolutely.  She's pulling out her phone

4  because no person should be required to do that kind of

5  math by hand in a deposition.

6    A.    And if they can, they are in the wrong place.

7    Q.    So you have the number.  Right?

8    A.    Yes.

9          Okay.  And you said 75 percent.  Correct?

10   Q.    Uh-huh.  So what is that?

11   A.    I got 1,900 -- I'm sorry -- $195,310.46.

12   Q.    Forty-six cents.  Okay.  So was any check sent

13  to the LWDA in that amount?

14   A.    No.

15   Q.    Okay.  To your knowledge, did Estenson get

16  court approval for each of the individual settlements?

17   A.    Not to my knowledge.

18   Q.    Who would know that?

19   A.    I would have to refer to counsel on that.

20   Q.    Okay.  But you would believe you would know

21  that if that happened.  Right?

22   A.    Correct.

23   Q.    Okay.

24          MS. MURACO:  You would know that if that

25  happened.  Right?



Case 2:15-cv-07196-DDP-E   Document 25-1   Filed 07/15/16   Page 8 of 9   Page ID #:850

MICHELLE ALEXANDER                                     July 08, 2016
POLE vs. ESTENSON                                                    63

1       A.    Okay.

2       Q.    So this will be -- just so we're using -- I put

3  7 on that for you.  I'm going to do that on mine.

4             (Exhibit 7 was marked for identification.)

5       Q.    BY MR. BICKFORD:  Okay.  So this is another

6  settlement agreement and release.  It also says for

7  current employees.  This one actually is for a current

8  employee.  Correct?  It's Omar Amancio?

9       A.    Correct.

10      Q.    Okay.  And you just remembered that that guy is

11  a current employee?

12      A.    I do know that.

13      Q.    So now we can do this without using a right

14  one.

15            Okay.  So Omar still works at the company.

16  Right?

17      A.    Correct.

18      Q.    As part of this settlement agreement, was Omar

19  or any other current fleet manager reclassified as a

20  nonexempt employee?

21      A.    No.

22      Q.    Okay.  So as of right now, you know, all

23  current employees signed, but all current employees are

24  still salaried employees?

25      A.    Correct.



Case 2:15-cv-07196-DDP-E   Document 25-1   Filed 07/15/16   Page 9 of 9   Page ID #:851

MICHELLE ALEXANDER                                    July 08, 2016
POLE vs. ESTENSON                                              139

```
 1   Pole v. Estenson
     ASSIGNMENT NUMBER 392113
 2

 3            DECLARATION UNDER PENALTY OF PERJURY

 4            I declare under penalty of perjury that I

 5   have read the entire transcript of my deposition taken in

 6   the above-captioned matter or the same has been read to

 7   me, and the same is true and accurate, save and except

 8   for changes and/or corrections, if any, as indicated by

 9   me on the DEPOSITION ERRATA SHEET hereof, with the

10   understanding that I offer these changes as if still

11   under oath.

12

13   Signed on the_____day

14   of _____20___.

15

16

17

18   _____
     MICHELLE ALEXANDER
19

20

21

22

23

24

25
```

